PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

United States District Court
Southern District of Texas
FILED

JAN 28 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE _Southern_ DISTRICT OF TEXAS

_Corpus Christi_ Division

C-00-042

PETITION FOR A WRIT OF HABEAS CORPUS BY A
<u>PERSON IN STATE CUSTODY</u>

_Bobby Joe Buntion_
PETITIONER
(Full name of Petitioner)

_Garza West Unit, T.D.C.J._
CURRENT PLACE OF CONFINEMENT

_557483_
PRISONER ID NUMBER

vs.

_Wayne Scott_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

CASE NUMBER
(Supplied by the Clerk of the District Court)

<u>INSTRUCTIONS - READ CAREFULLY</u>

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check <u>only</u> one)

- ☐ A judgment of conviction or sentence, (Answer Questions 1-4, 5-12 & 20-23)
  probation or deferred-adjudication probation
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-23)

(SEE ATTACHED PAGE PLEASE)

**All petitioners must answer questions 1-4:**

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
   CONROE, TEXAS, MONTGOMERY COUNTY

2. Date of judgment of conviction: MARCH 20, 1990

3. Length of sentence: (10) TEN YEARS

4. Nature of offense and docket number (if known): CREDIT CARD ABUSE DOCKET NUMBER UNKNOWN

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)

   ☐ Not Guilty     ☑ Guilty     ☐ Nolo contendere

6. Kind of trial: (Check one)   ☐ Jury     ☑ Judge Only

7.  Did you testify at the trial?  ☐ Yes  ☑ No

8.  Did you appeal the judgment of conviction?  ☐ Yes  ☑ No

9.  If you did appeal, in what appellate court did you file your direct appeal?

    _____ Cause Number (if known) _____

    What was the result of your direct appeal (affirmed, modified or reversed): _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Result: _____

    Date of result: _____ Cause Number (if known): _____

    If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

    ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

    _____

    Grounds raised: _____

- 3 -

CONTINUED ON NEXT PAGE

Date of final decision: _____

Name of court that issued the final decision: _____

As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☑ No

    (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

    (b) Give the date and length of the sentence to be served in the future: _____

_____

    (c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐ Yes  ☑ No

Case 2:00-cv-00042   Document 1   Filed in TXSD on 01/28/2000   Page 5 of 13

## Parole Revocation:

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐ Yes          ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes     ☐ No

16. Are you eligible for mandatory supervised release?          ☐ Yes     ☐ No

17. Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

    _____

    Disciplinary case number: _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time credits?          ☐ Yes     ☐ No

    Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☐ Yes          ☐ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: _____

    _____

    Date of Result: _____

    Step 2 Result: _____

    _____

- 5 -          CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.   State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   **CAUTION:**
   <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
   <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)   Conviction obtained by the use of a coerced confession.

(c)   Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)   Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)   Conviction obtained by a violation of the privilege against self-incrimination.

(f)   Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)   Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)   Conviction obtained by a violation of the protection against double jeopardy.

(i)   Denial of effective assistance of counsel.

(j)   Denial of the right to appeal.

(k)   Violation of my right to due process in a disciplinary action taken by prison officials.

(SEE ATTACHED PAGE PLEASE)

A.  **GROUND ONE:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

_____

B.  **GROUND TWO:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

_____

C.  **GROUND THREE:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

_____

- 7 -                                                       CONTINUED ON NEXT PAGE

D. **GROUND FOUR:** _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____
_____
_____
_____
_____
_____
_____

21. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

    ☐ Yes        ☑ No

    If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

    _____
    _____
    _____

22. Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

    ☑ Yes        ☐ No

    If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    _____
    _____
    _____

- 8 -                                    CONTINUED ON NEXT PAGE

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

  ☐ Yes    ☑ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed on _____ (date).

*Bobby Joe Buntion*
Signature of Petitioner (required)

Petitioner's current address: *Garza West Unit, HC-02, Box #995 Beeville, Texas 78102*

-9-

Petitioner, Bobby Joe Buntion, #557483 is not challenging his conviction, but is instead challenging the time necessary to fulfill his sentence, and this court has previously held that the duration of a prisoner's confinement and applicable time credits is a proper subject for an Article 11.07 supra, Writ of Habeas Corpus.

Petitioner will show this honorable court the following: Petitioner was convicted on March 20, 1990, in Conroe, Texas, Montgomery County, for one count of Credit Card Abuse, and was sentenced to ten (10) years confinement in the Texas Department of Criminal Justice Institution Division.

Petitioner was released from custody on mandatory supervision on May 24, 1994, after serving four years, two months, and four days "flat" on said sentence. The "flat time" served on sentence, plus accumulated "Earned good time credits" equalled [113%] of ten year sentence. Yet, when released from custody Petitioner was still under the control, orders, rules, and regulations of the Board of Pardons and Paroles for another five years and nine months.

Petitioner served roughly four years on Mandatory Supervision but violated his conditions of Mandatory Supervision on Jan. 28, 1999, and was returned to custody of the Texas Department of Criminal Justice Institutional Division.

Petitioner was therefore given a "Serve-all" by the Board of Pardons and Paroles, and told his "flat time" date has now been moved from March 20, 2000, to Jan. 16, 2004.

Petitioner will show the Court that a time credit complaint is not rendered moot if direct or collateral legal consequences may flow from the wrongful denial of earned time credit. Consequently, a time credit complaint may be rendered moot when an inmate is completely discharged from confinement, control, or supervision.

Yet, an individual placed on Mandatory Supervision must serve a period of time equal to the maximum term for which he was sentenced, less calendar time actually served on sentence before his sentence is considered discharged.

Thus, the contentions raised in petitioners application for Writ of Habeas Corpus requesting credit for time served while on Mandatory Supervision have a direct impact on amount of time Petitioner will have to serve to fully discharge ten (10) year sentence.

Further grounds Petitioner will show the Court; when released from custody from Texas Department of Criminal Justice Institutional Division on Mandatory Supervision, May 24, 1994, Petitioner was still in the legal custody of the Texas Department of Criminal Justice, under direct supervision, orders, rules, and regulations of the Board of Pardons and Paroles. Therefore, Petitioner should receive the same amount of "Earned good time credits" he would have received if in the actual physical custody of the Texas Department of Criminal Justice

Institutional Division, or receive all the actual "Calendar time" served while on Mandatory Supervision.

Further grounds Petitioner will show this Honorable Court; the "earned good time credits" Petitioner earned while serving the four years, two months, and four days should still be credited toward his sentence of ten (10) years because Petitioner did not break any rules, or regulations of the Texas Criminal Justice Institutional Division where any "earned good time credits" could be forfeited.

Therefore, Petitioner prays this Honorable Court grants the relief Petitioner is seeking, and orders the Texas Department of Criminal Justice Records Division to let the records reflect that Petitioners sentence of ten (10) years be fully discharged, day for day, on March 20, 2000.

Further, Petitioner prays this Honorable Court to order the Texas Department of Criminal Justice Institutional Division to release Petitioner from custody when said sentence of ten (10) years is fully discharged, day for day, on March 20, 2000, or show cause why Petitioner should not be released from custody.

Bobby Joe Bunton #557483
Petitioner Pro-Se

signed and dated on this 21 day of Jan., 2000

"Unsworn declaration"

I, Bobby Joe Buntion #557483, being presently incarcerated in T.D.C.J., Garza West Unit, in Bee County, Texas, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on ___Jan. 21,_____, 2000

_____
Bobby Joe Buntion #557483
Petitioner Pro-Se