IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
APR 1 0 2000
Michael N. Milby, Clerk

| | |
|---|---|
| BOBBY JOE BUNTION, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. C-00-42 |
| § | |
| GARY JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

**RESPONDENT JOHNSON'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent ("the Director"), through the Attorney General of Texas, and files this Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by Petitioner, Bobby Joe Buntion ("Buntion"), except those supported by the record and those specifically admitted herein.

ClibPDF - www.fastio.com

## III.

## STATEMENT OF THE CASE

The Director has lawful and valid custody of Buntion pursuant to a judgment and sentence entered in the 359th Judicial District Court of Montgomery County, Texas in cause number 90-05-000394-CR, styled *The State of Texas v. Bobby Joe Buntion*. *Ex parte Buntion*, Application No. 18,938-02, at 22. In that cause, Buntion was charged by indictment with the felony offense of credit card abuse. *Id.* at 21. For the purpose of enhancing punishment, the indictment included allegations that Buntion had three prior felony convictions. *Id.* Pursuant to a plea bargain, Buntion entered a plea of *nolo contendere* to the charged offense, and the State moved to dismiss the enhancement allegations. *Id.* at 22. On June 27, 1990, the court accepted Buntion's plea and assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). *Id.*

Buntion does not challenge his holding conviction; instead, his claims arise from the revocation of his release on mandatory supervision. *See* Attachment to Fed. Writ Petition at 1-3. Buntion was administratively released to mandatory supervision on May 24, 1994. Exhibit A (Certificate of Mandatory Supervision). His release was revoked on May 12, 1999. Exhibit B (Proclamation of Revocation).

Buntion has filed two state applications for writ of habeas corpus, *Ex parte Buntion*, Application Nos. 18,938-01 and 18,938-02, both of which were filed prior to the revocation of his mandatory supervision release. Buntion's first state habeas application challenged a robbery conviction out of the 232nd District Court of Harris County, Texas. *Ex parte Buntion*, No. 18,938-01, at 3-4. It was filed on May 12, 1988 and denied without written order on November 2, 1988. *Id.* at 2, cover. Buntion's second state habeas application alleged that he was being illegally held by the Director (who, at the time, was James A. Collins) even though he had fully discharged his sentence upon his release to mandatory supervision. *Ex parte Buntion*, No. 18,938-02, at 2-6. Specifically, Buntion claimed that

TDCJ-ID had violated his liberty interests by failing, unlawfully, to shorten his sentence by the amount of good time credit he had earned, that he had fully discharged his sentence when he was released to mandatory supervision, and that was being wrongfully placed on mandatory supervision because he had fully discharged his sentence. *Id.* Copies of Buntion's state habeas applications accompany this motion.

## IV.

### PETITIONER'S ALLEGATIONS

The Director understands Buntion to allege the following:

1. He has been wrongfully denied credit for time he spent on mandatory supervision release;

2. He was denied the opportunity to accrue good time credit during his release on mandatory supervision even though he remained in the custody of TDCJ-ID while on mandatory supervision release; and

3. He has been wrongfully denied credit for the good time he earned prior to his release on mandatory supervision.

Attachment to Fed. Writ Petition at 1-3.

## V.

### MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES

#### A. Standard of Review

Buntion signed his petition on January 21, 2000, and it was filed in the court on January 28, 2000.[1]  Attachment to Fed. Writ Petition at 3; Fed. Writ Petition at 1. Consequently, the petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally

---

[1] A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing. *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998).

3

apply only to cases filed after the Act became effective"); *see also Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996), *cert. denied*, 119 S. Ct. 114 (1998).

The AEDPA provides in pertinent part:

(b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i)    there is an absence of available State corrective process; or
            (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §2254 (b)(1)-(2), (c).

### B. Buntion has not exhausted his state court remedies.

Buntion's federal application for habeas corpus relief must be dismissed for failure to exhaust state court remedies because this state's highest court has not yet ruled on his claims. According to 28 U.S.C. § 2254(b) and (c), a state prisoner's application for a federal writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies. In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Ridgway v. Baker*, 720 F.2d 1409, 1412-13 (5th Cir. 1983); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S. Ct. 1508 (1983). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state

which has jurisdiction to review Buntion's allegations. TEX. CODE CRIM. PROC. ANN. arts. 11.05, 44.45; *Richardson,* 762 F.2d at 431.

Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). Otherwise, the petition must be dismissed for failure to exhaust state court remedies. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982); *Jones v. Estelle,* 722 F.2d 159, 168 (5th Cir. 1983), *cert. denied sub nom. Jones v. McKaskle,* 466 U.S. 976, 104 S. Ct. 2356 (1984). In order to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989). In other words, a habeas applicant must give the state courts a fair opportunity to review his claims in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id.*

The exhaustion doctrine, codified at 28 U.S.C. § 2254(b) and (c), as amended by the AEDPA, is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille* at 349, 109 S. Ct. at 1059 (quoting *Rose,* 455 U.S. at 518, 102 S. Ct. at 1203). Furthermore, the Supreme Court and the Fifth Circuit Court of Appeals have consistently adhered to this doctrine. *See, e.g., Rose,* 455 U.S. at 509, 102 S. Ct. at 1198; *Picard,* 404 U.S. at 275, 92 S. Ct. at 512; *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980); *Canet v. Turner,* 606 F.2d 89, 91 (5th Cir. 1979).

Buntion's claims in the instant petition are unexhausted because he has never presented them before the Texas Court of Criminal Appeals. *See Ex parte Buntion*, Application Nos. 18,938-01 and 18,938-02. Therefore, because Buntion's claims have never been decided by the Texas Court of Criminal Appeals, they are unexhausted. "Under the doctrine of comity, a federal court should not exercise jurisdiction over a state prisoner's

constitutional deprivation, unless or until the highest court of his state has adjudicated them . . . ." *Jones v. Texas,* 441 F.2d 733, 734 (5th Cir. 1971); *see also Williams v. Bailey, et al.,* 463 F.2d 247, 248 (5th Cir. 1972) ("[F]ederal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids."). Moreover, Buntion's failure to properly exhaust his claims to the state court is due to neither an "absence of available State corrective process," nor to circumstances rendering this process "ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b).

In essence, by filing his federal writ of habeas corpus without first presenting his claims to the state's highest court, Buntion has usurped the state court's authority to review and, if necessary, correct constitutional errors that might have occurred in his case. Therefore, in order for the state court to have the opportunity to rule on Buntion's claims, this court must act quickly in dismissing Buntion's petition without prejudice.

## VI.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director requests that Buntion's petition be dismissed without prejudice for failure to exhaust state remedies.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General
  for Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

6

                                                          _____

*Lead Counsel                   JULIE JOE*
                                   Assistant Attorney General
                                    State Bar No.00790972
                                   P.O. Box 12548, Capitol Station
                                   Austin, Texas  78711-2548
                                   (512) 936-1400
                                   (512) 936-1280 (Fax)

                                   ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I, Julie Joe, Assistant Attorney General of Texas, do hereby certify that a conference is not possible because Petitioner is incarcerated in the Texas Department of Criminal Justice, Institutional Division, and is proceeding *pro se* in this cause.  Respondent assumes that Petitioner opposes this motion.

                                            _____
                                            JULIE JOE
                                            Assistant Attorney General

## NOTICE OF SUBMISSION

To: Bobby Joe Buntion, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

                                            _____
                                            JULIE JOE
                                            Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Julie Joe, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support has been served by placing the same in the United States mail, postage prepaid, on this, the 7th day of April, 2000, addressed to:

Bobby Joe Buntion
TDCJ-ID No. 557483
Garza West Unit
HC02 Box 995
Beeville, Texas 78102

_____
JULIE JOE
Assistant Attorney General

# Exhibit A

ClibPDF - www.fastio.com

# State of Texas

DPS NO: 01161826
GMWP

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

# Certificate of Mandatory Supervision

**KNOW ALL MEN BY THESE PRESENTS:**

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

__BUNTION, BOBBY JOE__         __557483         BY__
  Name                              TDCJ No.

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Mandatory Supervision under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

TEXAS HOUSE INC
10950 BEAUMONT HWY 90
HOUSTON, TX   77078

You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. **BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.**

**SPECIAL CONDITIONS**

"O"; "H".

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE ___24TH___ DAY OF ___MAY___, 19_94_.

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed, Discharge Date will be __3-20-2000__

RULES AND GENERAL CONDITIONS OF MANDATORY SUPERVISION RELEASE AS PROVIDED BY THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE PARDONS AND PAROLES DIVISION, ART. 42.18, C.C.

In consideration of the release granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such mandatory supervision. I recognize that my mandatory supervision release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. The releasee shall avoid association with persons of criminal background.
7. The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8. Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9. General Provisions
    a. I hereby agree to abide by all rules of Mandatory Supervision and all laws relating to the revocation of Mandatory Supervision including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Mandatory Supervision or under Mandatory Supervision jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
    b. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
    c. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Mandatory Supervision by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C. Releasee shall not open a checking account
D. Release to detainer or plan (See attachment)
E. Releasee must attend basic education or vocational training as directed by supervising parole officer.
H. Halfway House Placement. (See attachment).
I. Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved.
L. Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M. Releasee shall comply with Sex Offender Registration Program.
O. Releasee shall comply with any other condition as specified herein (See attachment)
P. Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R. (Instate) Make restitution payments as required by supervising parole officer in a specified amount.
   (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O. Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.
S. Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer.
V. Releasee shall not contact victim(s).
Z. Releasee shall not enter the specified county without prior written approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Mandatory Supervision shall be sufficient cause for revocation of Mandatory Supervision; and I further understand that when a warrant or a summons is issued charging a violation of Mandatory Supervision rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Mandatory Supervision be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Mandatory Supervision I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to my sentence.

AGREED AND SIGNED:
on this date: _____ Inmate's Signature _Refused to sign_ RMK
I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

PARDONS AND PAROLES DIVISION REPRESENTATIVE                DATE

PSL - 32 (9/92)

# Exhibit B

ClibPDF - www.fastio.com



STATE OF TEXAS
BOARD OF PARDONS AND PAROLES
PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:   DPS#: __01161826__
                                          TDCJ#: __557483__

WHEREAS __BOBBY JOE BUNTION__ was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT be issued and the aforementioned person be returned to be confined in the Institutional Division of the Texas Department of Criminal Justice.
************************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _____          Board of Pardons and Paroles
Board Chairman                              P. O. Box 13401
                                            Austin, TX 78711
                                            (512) 406-5452
                                            Teletype# BPPZ or ORI# TX227015G

ISSUE DATE    05/12/1999                    Distribution:
WARRANT NO    05-12-99-557483               DPS
                                            TDCJ-ID
                                            DETAINING AUTHORITY

BPP-COC-98 (R-07-01-98)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BOBBY JOE BUNTION,<br>　　　　Petitioner<br><br>v.<br><br>GARY JOHNSON, DIRECTOR,<br>TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE,<br>INSTITUTIONAL DIVISION,<br>　　　　Respondent. | §<br>§<br>§<br>§　Civil Action No. C-00-42<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Came on this day to be considered Respondent Johnson's Motion to Dismiss for Failure to Exhaust State Court Remedies, and the Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

ORDERED that Respondent Johnson's Motion to Dismiss for Failure to Exhaust State Court Remedies is GRANTED, and Buntion's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

SIGNED on this, the _____ day of _____, 2000.

_____
JUDGE PRESIDING