Case 2:00-cv-00042  Document 12  Filed in TXSD on 05/25/2000  Page 1 of 9

United States District Court
Southern District of Texas
ENTERED
MAY 2 6 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY JOE BUNTION | § § | |
| VS. | § § | C.A. NO. C-00-042 |
| GARY L. JOHNSON | § | |

## MEMORANDUM AND RECOMMENDATION
## ON RESPONDENT'S MOTION TO DISMISS

In this habeas corpus action, petitioner Bobby Joe Buntion ("Buntion") challenges his current confinement in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") claiming that he has been wrongfully denied credit for time spent prior to and on mandatory release and has been denied the opportunity to accrue good time credit while on mandatory release (DE #1). Respondent moves to dismiss on the grounds that Buntion has failed to exhaust his state court remedies because he has failed to present the claims raised herein to the state's highest court (DE #10). Buntion has failed to file a response to respondent's motion to dismiss.[1]

For the reasons stated herein, it is recommended that respondent's motion to dismiss be granted and that Buntion's petition for writ of habeas corpus be dismissed without prejudice to permit Buntion to exhaust his state court remedies.

---

[1]Pursuant to Local Rule 7.4., failure to respond is taken as a representation of no opposition. See also Martinez v. Johnson, 104 F.3d 769 (5th Cir.), cert. denied, 118 S. Ct. 195 (1997) (affirming dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary judgment).

## I. JURISDICTION

The Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND FACTS

Buntion is currently in custody pursuant to a judgment and sentence entered in the 359th Judicial District Court of Montgomery County, Texas, in Cause No. 90-05-000394-CR, styled The State of Texas v. Bobby Joe Buntion. Ex parte Buntion, Appl. No. 18,938-02[2] at 22. By indictment filed May 3, 1990, Buntion was charged with credit card abuse enhanced with three prior felony convictions.[3] Ex parte Buntion, Appl. No. 18,938-02 at 21. Pursuant to a plea bargain, on June 27, 1990, Buntion pled guilty to the felony offense of credit card abuse and the State moved to abandon the three enhancement paragraphs. Ex parte Buntion, Appl. No. 18,938-02 at 22, 23. On that same date, the trial court accepted Buntion's plea and sentenced him to ten years confinement in the TDCJ-ID. Ex parte Buntion, Appl. No. 18,938-02 at 22, 23.

On May 24, 1994, Buntion was administratively released to mandatory supervision. FP[4]-Att. at 1; RMD Ex. A (Certificate of Mandatory Supervision). On May 12, 1999, his release was revoked[5]

---

[2]Copies of Buntion's state habeas corpus applications are filed in this action at DE #11.

[3]Buntion has three past felony convictions: a 1987 conviction for robbery; a 1983 conviction for rape; and a 1968 conviction for burglary with intent to commit theft. Ex parte Buntion, Appl. No. 18,938-02 at 21.

[4]"FP" refers to Buntion's federal petition, DE #1, and "FP-Att." refers to the pages attached thereto in which Buntion details his claims. "RMD" refers to respondent's motion to dismiss (DE #10).

[5]Buntion admits to violating the conditions of his mandatory release. See FP-Att. at 1.

2

and Buntion was returned to the TDCJ-ID. RMD Ex. B (Proclamation of Revocation).

Buntion has filed two state applications for habeas corpus relief: Ex parte Buntion, Appl. No. 18,938-01; Ex parte Buntion, Appl. No. 18,938-02. Buntion filed his first state application on May 12, 1988 while in TDCJ-ID custody. Ex parte Buntion, Appl. No. 18,938-01 at 2. In that application, Buntion challenged his 1987 robbery conviction. Ex parte Buntion, Appl. No. 18,938-02 at 3-4. The Texas Court of Criminal Appeals denied Buntion's first application without written order on November 22, 1988. Ex parte Buntion, Appl. No. 18,938-02 at cover.

Buntion filed his second state application on March 1, 1995, while on mandatory release. Ex parte Buntion, Appl. No. 18,938-02 at 2. In his second state application, Buntion challenged his supervised release claiming that his sentence had already been discharged by virtue of good time credits he had earned prior to his release. Ex parte Buntion, Appl. No. 18,938-02 at 2-6. The State filed its answer arguing that good time credits are not included in calculating the date on which an applicant is to be released from mandatory supervision. Ex parte Buntion, Appl. No. 18,938-02 at 10-13. On June 14, 1995, the Texas Court of Criminal Appeals denied Buntion's second state application without written order. Ex parte Buntion, Appl. No. 18,938-02 at cover.

Buntion filed the instant federal petition on January 28, 2000.

### III.  PETITIONER'S ALLEGATIONS

In the instant federal petition, Buntion raises the following claims:

3

1. He has been wrongfully denied credit on his sentence for time spent on mandatory release;

2. He was denied the opportunity to accrue good time credit during his release on mandatory supervision even though technically he remained in the custody of the TDCJ-ID while on mandatory release; and

3. He has been denied credit for the good time he earned prior to his release on mandatory supervision.

FP-Att. at 1-3.

### IV. MOTION TO DISMISS

Under 28 U.S.C. § 2254 (b) and (c), a state prisoner's application for a federal writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). To exhaust a claim for federal habeas corpus purposes, the petitioner must "apprise" the state court system "of the facts and the legal theory upon which the petitioner bases his assertion." Galtieri v. Wainwright, 582 F.2d 348, 353 (5th Cir. 1978) (en banc). This means the petitioner must provide to the state's highest court a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual claims, before a federal court will entertain the alleged errors. Duncan v. Henry, 115 S. Ct. 887, 888 (1995); Piccard v. Conner, 404 U.S. 270, 275, 277-78, 92 S. Ct. 509, 512-513 (1971); Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982); Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), cert. denied, 501 U.S. 1235, 111 S. Ct. 2862 (1991).

The exhaustion requirement is "grounded in principles of

4

comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoners' federal rights." Coleman v. Thompson, 115 S. Ct. 2546, 2555 (1991). Thus, comity is invoked to give the state courts an opportunity to consider the same factual grounds under the identical legal theories before permitting a petitioner to bring those constitutional claims to a federal court. The exhaustion requirement extends to parole related claims. Mason v. Askew, 484 F.2d 642, 643-44 (5th Cir. 1973).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). See also Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), cert. denied, 501 U.S. 1235, 111 S. Ct. 2862 (1991)(habeas corpus petition must be dismissed if any issue has not been exhausted in the state courts; complete state remedy exhaustion is appropriate for the sake of comity and judicial efficiency). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claims before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals,[6] either through direct appeal or collateral

---

[6]The Court of Criminal Appeals is the highest court in Texas to which a prisoner may challenge his conviction. Tex. Code Crim. Proc. Ann. art. 4.04 § 2 (Vernon Supp. 1996). A prisoner may present his claims to the Court of Criminal Appeals by a petition for discretionary review or an application for state writ of habeas corpus. Tex. R. App. P. 200 (Vernon Supp. 1996); Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 1996).

5

attack, the exhaustion requirement is satisfied. See generally, <u>Castille</u>, 489 U.S. at 351, 109 S. Ct. at 1060.

In this case, Buntion has not filed a response and thus has not refuted respondent's claim that he has not exhausted his state court remedies. Moreover, the record reveals that the claims raised in the instant petition, though *similar* in substance to the claims raised in Buntion's second state habeas corpus application, are different and distinct. In his second state application, Buntion, while on mandatory supervision, challenged his supervised release arguing that his sentence had already been discharged by virtue of his accumulated good time credits. <u>Ex parte Buntion</u>, Appl. No. 18,938-02 at 3. Comparing the mandatory supervision statute with the parole statute,[7] Buntion argued that the mandatory supervision statute was unconstitutional because, unlike the parole statute, the mandatory supervision statute did not include consideration of earned good time credits in calculating time served on a sentence. <u>Ex parte Buntion</u>, Appl. No. 18,938-02 at 2-4. Buntion concluded that mandatory supervision deprived him of his liberty interest in earned good time credits. <u>Ex parte Buntion</u>, Appl. No. 18,938-02 at 4.

In the instant petition, Buntion is back in prison and as such, he is not challenging his mandatory release but his current

---

[7] Mandatory supervision and parole are two distinct types of release. "Mandatory supervision" means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and parole division. Tex. Gov't Code Ann. § 508.001(5)(Vernon 1998). "Parole" means the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division. Tex. Gov't Code Ann. § 508.001(6) (Vernon 1998).

6

confinement. He now claims that he is entitled to credit on his ten year sentence for time spent on mandatory release. FP-Att. at 1-3. Buntion argues that, even though he was not in prison while on mandatory supervision, he was still under the control of the TDCJ-ID such that he is entitled to credit on his sentence for that time. He also complains that while he was on mandatory release, he should have been able to accrue good time credits. Finally, he claims that he has been denied good time credits earned prior to his release on mandatory supervision. Buntion has not presented the instant claims in any state proceeding, and as such, these claims have not been exhausted.

The exhaustion requirement is excused in "`those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference.'" <u>Deter v. Collins</u> 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted.) If a state fails to satisfactorily protect a prisoner's right to review, federal courts may "bypass the exhaustion requirement," such as when a state "inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights." <u>Deters</u>, 985 F.2d at 795. A petitioner who contributes to the delay will not be heard. <u>Id.</u> at 796.

Buntion fails to allege any exceptional circumstances excusing him from the exhaustion requirement. Buntion does not claim that he is prevented from presenting his claim to the Texas Court of Criminal Appeals, or that pursing his state court remedies would be futile. Buntion fails to identify or establish an exception to the

7

exhaustion requirement. It is recommended that Buntion's petition be dismissed for failure to exhaust state court remedies.

### V. **RECOMMENDATION**

Buntion has failed to present the claims raised herein to the state courts, and as such, he has failed to exhaust his state court remedies. Accordingly, it is recommended that respondent's motion to dismiss for failure to exhaust state court remedies be granted, and that Buntion's petition for § 2254 relief be dismissed without prejudice.

Respectfully submitted this __25__ day of May, 2000.

_____Jane Cooper-Hill_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

8

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).